IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Anansa Jenkins, | C/A No. 3:22-cv-00289-DCC-PJG |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Blue Cross Blue Shield of South Carolina *d/b/a* Palmetto GBA, LLC, | |
| Defendant. | |

This matter is before the Court on Defendant's Partial Motion for Judgment on the Pleadings. ECF No. 14. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial handling and a Report and Recommendation ("Report"). ECF No. 24. On August 17, 2022, the Magistrate Judge issued a Report recommending that the Partial Motion for Judgment on the Pleadings be denied. *Id.* Defendant filed objections to the Report, and Plaintiff filed a Reply. ECF Nos. 27, 28.

## **BACKGROUND**

Plaintiff filed this action in the Richland County Court of Common Pleas on December 23, 2021, alleging multiple violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and the Equal Pay Act. ECF No. 1-1. Defendants removed the case to this Court on January 28, 2022, based on federal question jurisdiction under 28 U.S.C. § 1441(a). ECF No. 1.

On June 10, 2022, Defendant filed a Partial Motion for Judgment on the Pleadings, arguing Plaintiff had not exhausted her procedural remedies with respect to some of her "failure to promote" allegations and that some of her claims were not timely. ECF No. 14. Plaintiff filed a Response in Opposition, and Defendant filed a Reply. ECF Nos. 15, 19. On August 17, 2022, the Magistrate Judge issued a Report recommending that Defendant's Partial Motion for Judgment on the Pleadings be denied. ECF No. 24. Defendant filed objections to the Report, and Plaintiff filed a Reply. ECF Nos. 27, 28.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 96 S. Ct. 549, 46 L. Ed. 2d 483 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

**DISCUSSION**

The Report contains a thorough recitation of the facts and the applicable law, which the Court incorporates by reference, except as specifically noted below. Defendant objects to the Magistrate Judge's finding that Plaintiff sufficiently exhausted her administrative remedies in her EEOC charge as required by Title VII. ECF No. 27 at 1. Specifically, Defendant argues Plaintiff is procedurally barred from alleging an additional six positions in her Complaint for which she interviewed and was not hired when those allegations were not specified in her charge. *Id.* at 3–4.

Prior to filing suit, Title VII requires a plaintiff to first bring a charge with the EEOC or the equivalent state agency in order to exhaust her administrative remedies. *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1846 (2019); *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). "This notice gives the employer an initial opportunity to voluntarily and independently investigate and resolve the alleged discriminatory actions." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005). "[T]he exhaustion requirement initiates agency-monitored settlement, the primary way that claims of discrimination are resolved." *Id.* Only those claims stated in the initial administrative charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996).

Here, Plaintiff filed two charges of discrimination, one on January 25, 2021, and the other on January 28, 2021. In the charges, Plaintiff specifically listed four positions she was denied for allegedly discriminatory reasons. The four positions were (1)

3

Infrastructure Services Manager (June 26, 2020); (2) Infrastructure Services Manager (July 2, 2020); (3) Network Manager (August 28, 2020); and (4) Workstation Support Director (September 10, 2020). In her first charge, Plaintiff stated, "This is the seventh position in the last 12 months where white males have been selected over me." ECF No. 24 at 6–7.

In her Report, the Magistrate Judge stated that "the law requires only that the adverse acts be generally described to the EEOC" and thus found Plaintiff's mention in her charge of being passed over a seventh time for a promotion was sufficient to administratively exhaust her claims. ECF No. 24 at 6–7. For the reasons set forth in the Report, the Court finds this is a sufficient statement as to the additional positions listed in Plaintiff's Complaint for (1) Client Manager (August 12, 2020); (2) Service Management Manager (October 22, 2020); and (3) 1/5 Project Manager (October 24, 2020). These three additional positions, together with those listed in the charge, add up to seven positions "in the last 12 months" preceding the date of the charge. She specifically lists the offense of failure to hire or promote, the bases for discrimination, and the number of times the offense has occurred within a specific timeframe. Despite not going into the depth of detail on these seven instances as she did for other offenses in her charge, the allegations are specific enough to reference the discrete acts of discrimination within the applicable timeframe such that Defendant could have independently investigated and resolved her Complaint. The exhaustion requirement is not meant to be a "tripwire for hapless plaintiffs. While it is important to stop clever parties from circumventing statutory commands, we may not erect insurmountable barriers to litigation out of overly technical concerns." *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 594 (4th Cir. 2012).

However, to the extent the Magistrate Judge finds that the Plaintiff's foregoing statement also incorporates into the charge the three positions alleged in the Complaint from 2019, the Court cannot go that far. Nevertheless, as the Magistrate Judge noted in her discussion of the timeliness of these claims, the United States Supreme Court has held that an intake questionnaire can constitute an administrative charge. *See Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 404 (2008). Here, Plaintiff filed her intake questionnaire on July 17, 2020, *before* she had applied for any of the 2020 positions, save one. Accordingly, it is no great leap of logic to infer that the discriminating conduct complained of at that time related to the 2019 positions. At this procedural posture, the Court is unable to determine if the intake questionnaire would qualify as equivalent to an administrative charge and if the 2019 positions are adequately described or referenced therein. As a result, the Court comes to the same conclusion as the Report in any event. Therefore, Defendant's objections are overruled.

No party has filed any Objections to the remainder of the Report. Accordingly, the Court has reviewed the Report, the record, and the applicable law for clear error. Upon review, the Court adopts the remainder of the Report.

## **CONCLUSION**

For the reasons set forth above, the Court overrules Defendant's objections [27] and **ADOPTS** the Report [24]. Accordingly, Defendant's Partial Motion for Judgment on the Pleadings [14] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

May 2, 2023
Spartanburg, South Carolina

5